[Civ. No. 12040.   First Dist., Div. One.   Nov. 12, 1942.]

NELSON C. STEIN, Appellant, v. FRANK ANDRON et al.,
Respondents.

Marcus, Rabwin & Nash for Appellant.

Samuel A. Miller and Bertram H. Ross for Respondents.

BRAY, J. pro tem.—Appeal from a judgment holding that twenty shares of stock owned by defendant Frank Andron in the defendant corporation G & H 5-10-25¢ Stores, Inc., are not subject to execution upon a judgment recovered by plaintiff against defendant Andron in another action.

The facts, with one exception hereinafter referred to, are not disputed. On January 30, 1936, Milton D. Goldberg and Ernest E. Hausman were copartners doing business under the firm name and style of G & H 5-10-25¢ Stores in Los Angeles. On that date, the copartnership entered into a written lease of the premises occupied by their store, with the owner of said premises, plaintiff Nelson C. Stein. Among other provisions of the lease, was one which provided that in the event any changes or alterations were made on the premises during the term of the lease, the tenants would notify the landlord thirty days prior to the expiration of the lease, requesting whether he desired to have the premises left in the altered condition, or restored, at the expense of the tenants, to their original condition. Shortly after the execution of the lease, the copartners made certain alterations in the premises. Thereafter, and prior to the expiration of the lease in 1936, defendant Frank Andron bought into the copartnership and became the third member thereof. In February of 1937, the three partners formed the defendant corporation under the name of G & H 5-10-25¢ Stores, Inc. The business and assets of the partnership were then transferred to the corporation, each of the partners receiving twenty shares of the capital stock of the corporation. No notice of sale was recorded with the county recorder, notifying creditors of this transfer.

The court found that as consideration for the stock issued to the defendant Andron he contributed to the corporation the sum of $1,500 in addition to transferring his interest in the partnership. Plaintiff denies that such contribution was made and that there is any evidence in the record to justify

the court's finding. This is the only factual dispute in the case. The corporation continued to operate its business until the termination of the lease in 1939. No request, as provided in the lease, was made of the landlord Stein and the lease expired without the premises being restored to their original condition or the desires of the landlord ascertained. Thereafter, the landlord Stein, who is the plaintiff here, restored the premises and filed suit in the municipal court for the cost of such restoration. That suit was against Milton D. Goldberg, Ernest E. Hausman and Frank Andron, co-partners doing business as G & H 5-10-25¢ Stores, and also against G & H 5-10-25¢ Stores, Inc., a corporation. In that action Stein recovered judgment against Goldberg and Andron in the sum of $353.79. The judgment against Andron *provided that it could only be satisfied out of partnership property.* This, evidently, was pursuant to section 2411, Civil Code, which provides, ''A person admitted as a partner into an existing partnership is liable for all the obligations of the partnership arising before his admission as though he had been a partner when such obligations were incurred, except that this liability shall be satisfied only out of partnership property.''

On this judgment and about April 27, 1940, an execution was issued. This execution was levied on the interest of the defendant Andron in the said twenty shares of the common stock of the defendant corporation, which shares were designated in the notice of levy as partnership property. Defendant Andron immediately claimed said stock as his personal property, and the writ of execution was returned wholly unsatisfied. Thereafter, plaintiff filed this action in equity to have said stock declared partnership property rather than the defendant Andron's personal property, and hence subject to execution upon the aforesaid judgment. The lower court found said stock to be the personal property of defendant Andron and not partnership property nor subject to execution upon said judgment.

Before discussing the legal question involved, it might be well to dispose of the sole disputed question of fact, namely, did defendant Andron in exchange for his stock in the corporation contribute to the corporation $1,500, in addition to transferring his interest in the partnership assets? While the court so found there is nothing in the record to support

the finding. Defendant Andron did loan the sum of $1,500 to the corporation, but there is not one iota of evidence that this loan was in anyway consideration for the stock issued to him. On the contrary, the evidence shows without dispute that each of the three partners had an equal one-third interest in the partnership and that upon transferring the partnership assets to the corporation each partner received twenty shares of the common stock. Moreover, the only testimony in the case upon the subject is that of Milton D. Goldberg, one of the partners, who testified that defendant Andron loaned the partnership $1,500 in the name of his wife, that notes were given for the amount and that this loan was not a part of the consideration for the twenty shares, and that Andron paid nothing for his twenty shares over and above the transfer to the corporation of the partnership property. There is no denial of this testimony. Also the corporation resolution providing for the issuance of the stock to the partners, makes no mention of the $1,500. We can find no evidence in the record to explain why defendant Andron, owning the same interest in the partnership as each of the other partners, should loan the corporation $1,500 in order to get the same number of shares of stock from the corporation as they did.

In their briefs, the parties are concerned with the question of whether or not section 3440, Civil Code (the Bulk Sales Law section which requires certain notice to creditors to be given of the transfer of a business), applies to the transfer of the partnership assets to the corporation. But that section would only be important were the judgment creditor seeking the whole or part of the partnership assets transferred to the corporation. But here, plaintiff is not attempting to levy upon those assets, but upon the consideration received by the defendant Andron from the corporation for the transfer of those assets. If the transfer were invalid under section 3440, Civil Code, then the assets still belong to the partnership and would be partnership property. But actually, plaintiff is regarding the transfer as made and desires to satisfy his judgment out of the fruits of that transfer. The defendant, of course, is in no wise contesting the validity of that transfer.

The question here, then is: Where a partnership transfers all its assets to a corporation, are the shares of stock received by one of the partners in exchange for his interest in the pre-

existing partnership, "partnership property" so as to be subject to execution to satisfy a judgment against such partner, which judgment is limited to being satisfied out of partnership property alone?

Section 2435, Civil Code, which embodies part of the Uniform Partnership Act determines the question involved in this case. This section prescribes the liability of a partner under a number of contingencies. Subdivision 4 provides, "When all the partners or their representatives assign their rights in partnership property to one or more third persons who promise to pay the debts and who continue the business of the dissolved partnership, creditors of the dissolved partnership are also creditors of the person or partnership continuing the business." In this case, one of the partners testified that the corporation which succeeded to the partnership assets also took over the partnership liabilities. Therefore, this subdivision would apply to the defendant corporation as being the third person to whom the partners assigned their rights in the partnership property and who promised to pay the debts and continued the business of the dissolved partnership.

Subdivision 8 of this same section 2435, Civil Code, provides, "When the business of a partnership after dissolution is continued under any conditions set forth in this section the creditors of the dissolved partnership, as against the separate creditors of the retiring or deceased partner or the representatives of the deceased partner, have a prior right to any claim of the retired partner or the representative of the deceased partner against the person or partnership continuing the business, on account of the retired or deceased partner's interest in the dissolved partnership or on account of any consideration promised for such interest or for his right in partnership property."

Applying this subdivision, we find the business of the partnership after dissolution was continued under a condition set forth in the section, namely, the conditions covered by subdivision 4, therefore the creditors of the dissolved partnership (plaintiff under his judgment providing it should be paid from partnership property alone), have a prior right to any claim of the partner Andron, on account of the consideration promised for his interest and for his right in the partnership property, or in other words, in the shares of

stock which he received for his interest in the partnership property.

The resolution of the corporation providing for the issuance of stock for the assets of the partnership makes no reference to the assumption by the corporation of the partnership liabilities. Even though the corporation had not promised to pay the debts of the partnership and subdivision 8 seems limited by its wording to such a situation, still, by analogy, the rule would be the same where the assignee does not assume to pay the partnership debts. Actually there is more reason for applying the rule in such a situation, because there is no right to follow the partnership property in the hands of the corporation. Therefore there would be a greater necessity for following the consideration received by the partner for the transfer.

Sections 2411 and 2433 of the Civil Code, when read together, provide that when a new partner is admitted to the partnership and the business continues on, the creditors of the partnership before the accession of the new partner, and subsequent creditors, are on the same footing as to the partnership assets, and again, if the partnership property is assigned and the business continues on, the creditors of the partnership, prior to the assignment may follow the partnership property in the hands of the assignee and in addition have the right to the benefit of the consideration received by the individual partners for the assignment.

In view of the terms of subdivision 8 of section 2435, Civil Code, the stock received by the defendant Andron for the transfer of the partnership property to the defendant corporation is partnership property within the meaning of section 2411, Civil Code, and within the meaning of the municipal court judgment based on that section, which must necessarily have the same meaning. This construction of the term "partnership property" is the only reasonable construction possible. The partnership assets were a fund for payment of partnership creditors. When these assets were turned over to the corporation, the stock, or consideration, received for the partnership interests, like the assets, should be and are available first to the partnership creditors.

Judgment reversed.

Peters, P. J., and Knight, J., concurred.